UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDEN ISAAC WABE,

    Plaintiff,

v.                                                                        Case No: 8:22-cv-988-KKM-JSS

REGIONS BANK,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Plaintiff's Motion to Proceed *In Forma Pauperis* ("Motion"). (Dkt. 2.) Upon consideration, it is recommended that the Motion be denied and that Plaintiff's Complaint be dismissed without prejudice.

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, courts hold pro se pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per

curiam). Notwithstanding this less stringent standard, liberal construction cannot serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (stating that while courts should show leniency to pro se litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action"). The Eleventh Circuit requires pro se litigants to "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## ANALYSIS

### A. Plaintiff's Indigence

A court's decision to grant *in forma pauperis* status is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam). When considering a motion filed under § 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). A litigant's affidavit of indigence "will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* As such, a court may not deny an *in forma pauperis* motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08); *see Miller v. U.S.*

*Postal Serv.*, No. 8:13-civ-952-T-17-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (noting that the court will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess).

Plaintiff's Motion is not sufficient to establish his financial eligibility to proceed *in forma pauperis*. Plaintiff states that his gross wages are $12,000 per month but his take home wages are only $1 per month. (Dkt. 2.) He then states that he owns some unspecified item(s) of value in the amount of $10,000 but does not provide a description of the property. (*Id.* at 2.) Plaintiff further states that his regular monthly expenses are $500 per month but does not provide any description of the expenses or breakdown of the amount. (*Id.*) In light of the foregoing, the court is unable to determine whether Plaintiff has sufficient assets to pay the required filing fee and also provide necessities for himself.

### B. Plaintiff's Complaint

Moreover, the Court recommends that Plaintiff's Complaint be dismissed. Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum*, 148 F.3d at 1263, they must still "conform to procedural rules." *Loren*, 309 F.3d at 1304.

Plaintiff seeks to bring a claim under federal law against Regions Bank. (Dkt. 1.) However, the Complaint fails to comply with the Federal Rules of Civil Procedure. Rule 8(a) requires a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Complaints that violate Rule 8(a) are often referred to as "shotgun pleadings." *See Weiland v. Palm*

*Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'").

Here, Plaintiff's Complaint does not include a short and plain statement of the claim showing an entitlement to relief. Indeed, the Complaint is devoid of any specific factual allegations to explain the harm caused. Rather, Plaintiff attaches a Closing Disclosure and Assignment Agreement to the Complaint, without any explanation of how those documents relate to his claim against Regions Bank. (Dkt. 1.) Moreover, Plaintiff generally asks the court to "[d]ischarge the obligation owed on the mortgage/loan," but without any factual allegations to support his claim for relief. (*Id.* at 5.) This is insufficient to state a claim under Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED** without prejudice.

2. The Complaint be **DISMISSED** without prejudice and with leave to file an amended complaint that complies with the Federal Rules of Civil

Procedure.[1]  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted).  The undersigned recommends that the amended complaint, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

3. Plaintiff be directed to pay the required filing fee upon filing the amended complaint, if any, or an amended motion to proceed *in forma pauperis* that specifically identifies Plaintiff's income, debts, obligations, and monthly expenses.

**IT IS SO REPORTED** in Tampa, Florida, on May 3, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is encouraged to consult the "Litigants Without Lawyers" guidelines on the court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Counsel of Record
*Pro se* Plaintiff