UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDEN ISAAC WABE,

    Plaintiff,

v.                                                           Case No. 8:22-cv-0988-KKM-JSS

REGIONS BANK,

    Defendants.
_____

## ORDER

On April 28, 2022, Branden Wabe filed his Complaint against Regions Bank and a Motion to Proceed In Forma Pauperis. (Doc. 1.) On May 3, 2022, the United States Magistrate Judge entered a Report and Recommendation, recommending that Wabe's Motion to Proceed IFP, (Doc. 2), be denied and his complaint, (Doc. 1), be dismissed as a shotgun pleading. (Doc. 3.) The fourteen-day deadline for Wabe to object to the Magistrate Judge's recommendation has passed (with an additional three days permitted for mailing) without objection. Instead, Wabe filed an Amended Complaint. Considering the record, the Court adopts the Report and Recommendation for its stated reasons, (Doc. 3), denies Wabe's Motion to Proceed IFP, (Doc. 2), and dismisses Wabe's Complaint, (Doc. 1). Further, after the Magistrate Judge entered the Report and Recommendation,

Wabe filed an Amended Complaint. That Amended Complaint is also a shotgun pleading, which the Court dismisses.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

In the absence of any objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Report and Recommendation. First, the Court agrees with the Magistrate Judge that Wabe's statements in his affidavit fail to show that Wabe is unable, "because of his poverty, . . . to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam).

Second, the Court agrees that Wabe's complaint is a shotgun pleading that fails to meet the pleading requirements of Federal Rules of Civil Procedure 8 and 10. *See Weiland*

2

*v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Complaints that violate Federal Rule of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Id.* at 1320. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Wabe's original Complaint consists of allegations that the Court has jurisdiction under 12 C.F.R. § 226.17, that the Court should "[s]ee Exhibit 1 red dot pages," and that the Court should "[d]ischarge the obligation owed on [a] mortgage/loan number." (Doc. 1-2 at 3–5.) The "red dot pages" in Wabe's exhibit simply identify a "finance charge" and an "annual percentage charge" on a contract. (Doc. 1-2 at 10.) These allegations provide Regions with insufficient "notice of the claims against [it] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. As such, the Court agrees that Wabe's Complaint must be dismissed.

Finally, Wabe filed an Amended Complaint after the Magistrate Judge issued her Report and Recommendation. (Doc. 4.) But this Amended Complaint fails to materially improve on the deficiencies in the original complaint and likewise fails as a shotgun pleading. In his Amended Complaint, Wabe adds two subsections to his allegation that Regions violated 12 C.F.R. § 226.17. Now, he alleges that it violated "Regulation Z" of

3

§ 226.17, (Doc. 4 at 3), and "§ 226.17(2)," (Doc. 4 at 4.) But "Regulation Z" refers to the entire regulation implementing the Truth in Lending Act, *see* 12 C.F.R. 1026.1, failing to provide any of the specificity needed by Wabe's Amended Complaint. And § 226.17(2) does not exist. *See* § 226.17. He also adds that Regions "[f]ailed to provide adequate truth in lending disclosure" on the "mortgage/loan number" he provides. (Doc. 4 at 4.) This might give Regions "adequate notice of the *claim*[] against" it, but it still gives no notice of the "grounds upon which [that] claim rests." *Weiland*, 792 F.3d at 1323. Wabe fails to identify *how* Regions "failed to provide adequate truth in lending disclosure[s]." (Doc. 4 at 4.) As such, his Amended Complaint, like his original Complaint, is a shotgun pleading that must be dismissed.

Although the Court dismisses two of Wabe's Complaints as shotgun pleadings, it nonetheless grants him one final opportunity to file a complaint that is not a shotgun pleading. If Wabe files a third complaint that is also a shotgun pleading, the Court must dismiss it and will close this case.

Accordingly, it is now **ORDERED**:

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation for all purposes, including appellate review. (Doc. 3.)

2. The Court **DENIES** Wabe's Motion to Proceed In Forma Pauperis. (Doc. 2.)

4

3. The Court **DISMISSES** without prejudice Wabe's original Complaint. (Doc. 1.)

4. The Court **DISMISSES** without prejudice Wabe's Amended Complaint. (Doc. 4.)

5. No later than **June 7, 2022,** Wabe may file a second amended complaint that complies with the pleading requirements set forth in the Federal Rules of Civil Procedure and that corrects the deficiencies identified above and in the Report and Recommendation. He must also either file an amended motion to proceed in forma pauperis or pay the full filing fee. Failure to comply with these directives will result in dismissal of this case without further notice.

**ORDERED** in Tampa, Florida, on May 23, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge