UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 2:22 CV 988KKM-JSS

BRANDEN ISAAC WABE,

*Plaintiff,*

V.

Regions Bank,

*Defendant.*

---

## SECOND AMENDEDCOMPLAINT
## TILA COMPLAINT
## (TILA § 1691e)

COME NOW, the Plaintiff BRANDEN ISAAC WABE ("Plaintiff") is an individual residing in Pinellas County, Florida and may be reached via email. Defendant, Regions Bank, by and through their attorney of record Christopher Paolini 200 S. Orange Ave., Ste. 1000 Orlando, Florida 32801

This is an action for damages brought by the Plaintiff, who is an assignee of the debtor, consumer, aggrieved applicant for Defendants' violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"). Specifically, Plaintiff seeks the remedies as provided in TILA as well as equitable relief for Defendant's failures to provide adequate disclose on mortgage acct# 0012015689

## JURISDICTION & VENUE

The Court has jurisdiction in this cause since the contract was entered in proper the jurisdictional limits of the Court. This venue is proper because all, or a substantial part, of the events or omissions giving rise to the claim occurred in Pinellas County, Florida. The venue is also proper because it best serves the convenience of the parties and witnesses, as well as the interests of justice. Plaintiff has satisfied all conditions precedent to bringing this lawsuit. Nothing Plaintiff did caused or contributed to this occurrence.

## PARTIES

Plaintiff BRANDEN ISAAC WABE ("Plaintiff") is an individual residing in Pinellas County, Florida and may be reached via email.

Defendant, Regions Bank financial institution conducting business in Pinellas County, Florida and has been properly served.

## Facts

1. On or about February 9th 2021 the aggrieved went to defendants place of business to secure a mortgage on her principal dwelling located at 208 NE Monroe Circle N #107 St Petersburg FL 33702 (residence). The aggrieved entered a financial contract (mortgage) with regions bank. Under the impression that defendant was acting in accordance with the law. The mortgage was secured by a promissory note

2. The Truth in Lending Act (TILA) is a federal law enacted in 1968 to help protect consumers in their dealings with lenders and creditors. The TILA was implemented by the Federal Reserve Board through a series of regulations.

*15 U.S. Code § 1601 - Congressional findings and declaration of purpose*
*(a)Informed use of credit*
*The Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.*

3. On April 25th 2022 the aggrieved entered in an assignment agreement with the plaintiff. The assignment agreement assigns all rights to claims for the mortgage dated February 12th 2021

4. The mortgage is subject to the TILA

## COUNT I VIOLATION OF TILA
### Failure to provide adequate Truth in Lending disclosures on agreement as required by 12 CFR 226.17(2)

5. The allegations of paragraphs 1 through 4 of this Complaint are hereby re-alleged and incorporated by reference.

6. After reviewing the mortgage documents in detail plaintiff noticed the "finance charge" as well as the "annual percentage rate" fail to be shown more conspicuous on the mortgage disclosure document (exhibit 1). The finance charge and annual percentage rate appear to be shown in 8-point font appearing identical to over 30 other items on the mortgage disclosure document

7. The terms "finance charge" and "annual percentage rate," are required to be more conspicuous than any other disclosure under 12 CFR § 1026.17 (a)(2)

**<u>Relief</u>**

8.  Under 15 U.S. Code § 1640 Defendant is civilly liable for these violations. Plaintiff is requesting equitable relief in the form of the discharge of the alleged amount owed on the mortgage. For deceptive practices and the violation of the TILA

DEMAND FOR TRIAL BY JURY
Plaintiff hereby demand trial by jury on all issues so triable.

Respectfully submitted

Branden I. Wabe

By: *<u>/s/ Branden I. Wabe</u>*
Address: 208 NE Monrie Circle N#107 StPetersburg FL 33702
Phone no.7277768999
Email address:brandenwabe@gmail.com